### THE ALBERT DUMOIS.

### RUSTAD v. FOUR HUNDRED AND FIFTY-SEVEN BAGS OF COFFEE et al.

#### (District Court, E. D. New York. January 27, 1893.)

CHARTER PARTY—LIEN ON CARGO—BILL OF LADING STATING FREIGHT—LIABILITY OF CARGO FOR UNPAID CHARTER MONEY.

The provisions of a charter party gave the shipowner a lien "on all cargoes and all subfreights for any amounts due under this charter." The charterer subchartered the vessel by a charter party of similar terms, and claimant shipped certain cargo, for which bills of lading, fixing the freight due, were given by the purser of the subcharterer. Claimant having paid to the subcharterer the freight due on the cargo as per bills of of lading, after notice that the shipowner claimed a lien thereon, *held, that* the shipowner could enforce a lien upon the cargo for the freight stated in the bills of lading, but for no more.

In Admiralty. Libel for balance of charter money. Decree for libelant.

Libelant was the master of the steamship Albert Dumois, and libeled 457 bags of coffee, 110 bales of deerskins, 151 bales of rubber, and 400 bales of hides, for the amount due under the charter party of the vessel, dated August 5, 1890, by which she was chartered to H. Dumois & Co. H. Dumois & Co. subchartered the steamer to the Central American & Honduras Steamship Company, under a charter party similar in its terms to the original charter party. The charter party contained a clause giving the owners a lien "upon all cargoes and upon all subfreights for any amounts due under this charter." The vessel was loaded by the steamship company at Honduras, and brought to this port the cargo above named. After the commencement of this action the cargo was claimed by Hoadley & Co., and a stipulation given by them. After the filing of the libel they paid to the Honduras Steamship Company the amount of the freight on the libeled cargo. The libelant claimed that he was entitled to his lien upon the cargo to the extent of the unpaid charter money, namely, $1,433.53. The claimant insisted that the vessel had a lien on the cargo only to the extent of the freight named in the bills of lading which were given by the steamship company to shippers.

Goodrich, Deady & Goodrich, for libelant.

Wheeler, Cortis & Godkin, for claimants.

BENEDICT, District Judge. The charter party shows that it was the intention of the parties to confer upon the charterers authority to fix the freight to be paid by cargo that might be shipped under bills of lading. The cargo in question was shipped under bills of lading signed by the purser, by which the freight to be paid on each shipment was fixed. These bills of lading were authorized

v.54F.no.3—34

contracts which, as between the shipper and the ship, fix the freight to be paid by each shipment, notwithstanding that provision is made in the charter party for a shipowner's lien for the charter money. By virtue of this provision the shipowner may enforce a lien upon the cargo for the freight stated in the respective bills of lading, but for no more. Let the libelants have a decree with an order of reference to ascertain the amount of such freight.